[No. 18671.  Department One.  October 7, 1924.]

C. I. DINGFELDER et al., Appellants, v. WHITE BLUFFS WAREHOUSE COMPANY, Respondent.[1]

PRINCIPAL AND AGENT (9)—EXISTENCE OF RELATION—EVIDENCE— SUFFICIENCY. The question of the agency of one S. for fruit brokers, is for the jury, where there was evidence that advances made by S. for purchases of fruit arranged by him were made from money furnished by the brokers, under the understanding that S. was financing the purchases as representative of the brokers, all under an agreement with the brokers that S. was to share in their profits and losses, and there was evidence that S. represented the brokers in similar arrangements made with others.

EVIDENCE (85)—ADMISSIONS—PLEADING — ADMISSIBILITY — PROOF OF AGENCY. Admissions made in the complaint in another action, verified on behalf of the plaintiffs therein, are admissible against them where they authorized the commencement of the action and thereafter adopted the complaint by sanctioning the prosecution of the action thereunder.

Appeal from a judgment of the superior court for Benton county, Truax, J., entered September 15, 1923,

[1]Reported in 229 Pac. 17.

upon the verdict of a jury rendered in favor of the defendant, in an action on promissory notes and for money loaned. Affirmed.

*Moulton & Jeffrey* and *D. V. Morthland,* for appellants.

*Holden, Shumate & Cheney,* for respondent.

PARKER, J.—The plaintiffs, Dingfelder and others, constituting a copartnership with its principal place of business in New York City, commenced this action in the superior court for Benton county against the defendant, White Bluffs Warehouse Company, a domestic corporation, having its principal place of business at White Bluffs in that county. As a first cause of action, the plaintiffs seek recovery upon a promissory note for the principal sum of $5,000, with interest, executed by the defendant on July 25, 1921, payable to H. D. Smith or order on or before five months from date, which note was assigned to the plaintiffs. As a second cause of action, the plaintiffs seek recovery upon a promissory note for $2,000, with interest, executed by the defendant on August 15, 1921, payable to Cascade Packing Company or order on December 15, 1921, which note was assigned to the plaintiffs. As a third cause of action, the plaintiffs seek recovery upon a loan of $3,045 made by H. D. Smith to the defendant on August 22, 1921, which was agreed to be evidenced by a promissory note, but was not so evidenced by the defendant as agreed, which obligation on the part of the defendant was assigned to the plaintiffs.

Answering the first cause of action, the defendant admits the execution of the $5,000 note and its transfer to the plaintiffs, but alleges that the note was given in the first instance for the use and benefit of the

plaintiffs, and that Smith was acting as the agent of the plaintiffs in the transaction; and further alleges that the note has been fully paid, satisfied and discharged by the application of credits due the defendant. Answering the second cause of action, the defendant admits the execution of the $2,000 note, but alleges that the note was delivered to the Cascade Packing Company as the agent of the plaintiffs herein and for their use and benefit; and further alleges that the note has been fully paid by the application of credits due the defendant. In this connection it may be noted that, in support of the allegation of this note being given for the benefit of the defendant, the plaintiffs' evidence manifestly proceeds upon the theory that the Cascade Packing Company and H. D. Smith are one and the same person so far as this transaction is concerned. Answering the third cause of action, the defendant admits that it received at the hands of Smith a loan as an advance payment of $3,045 on account of prospective shipments of cars of fruit to the plaintiffs, Smith acting as agent for the plaintiffs in that behalf; and further alleges that the amount of the loan has been fully paid and satisfied by the application of credits due the defendant.

Further answering by way of set-off and counterclaim, the defendant alleges, in substance, that between September 8, 1921, and November 14, 1921, it sold, shipped and consigned to the plaintiffs apples in carload lots, and also rendered services, expended monies and furnished material in connection with such sales and consignments at the instance and request of plaintiffs, for all of which there is justly due from the plaintiffs to the defendant the total sum of $21,032.75, for which the defendant prays judgment against the plaintiffs, less the amount of the notes and loan upon which

the plaintiffs seek recovery, to wit, in the sum of approximately $10,000. Upon the issues so made, the cause proceeded to trial in the superior court sitting with a jury, and resulted in a verdict awarding to the defendant recovery against the plaintiffs in the sum of $9,666.62. Judgment was rendered accordingly, from which the plaintiffs have appealed to this court.

In July, 1921, H. D. Smith was located at Yakima engaged in buying and securing consignments of fruit by carload lots for appellants. Respondent was then engaged in marketing fruit received by it from growers in the neighborhood of White Bluffs, which is some fifty miles from Yakima. Smith and respondent then entered into an agreement looking to the sale of the fruit it should procure from growers in the neighborhood of White Bluffs, to or through appellants. It was agreed that Smith was, from time to time, to cause credits to be made upon respondent's bank account with the First National Bank of Yakima. In pursuance of this agreement, Smith caused the bank to so credit respondent's deposit account with the $5,000 and $2,000 represented by the two notes here in question, and also the $3,045 loan here in question. These advances to respondent were made by Smith from monies furnished him by appellants, and the obligations so created were very soon after their creation assigned by Smith to appellants, it having previously been agreed between respondent and Smith who, as respondent claimed, was respondent's agent, that these and other advances similarly made would be repaid by shipments of carloads of fruit to be made by respondent to appellants.

During the fall of 1921, respondent accordingly, by direction of Smith, made shipments of some 45 cars of fruit to appellants, some of which were direct sales and

some of which were consignments on sale for a commission; the latter, however, were sold by appellants and accounts rendered therefor. Appellants claim that Smith was in all of these dealings the agent of respondent and not their agent; that they were innocent holders of the two notes acquired by them in due course before maturity, and also the holders by assignment of the $3,045 loan claim against respondent; and that, in any event, no part of the notes or loan claim has ever been paid by respondent either to Smith or appellants. Respondent claims that Smith was in all these dealings the agent of appellants and not its agent, and that there is a balance due to it from appellants upon the shipments of fruit made by it to them of approximately $10,000, after giving full credit for the advances evidenced by the notes and the loan claim upon which appellants seek recovery in this action.

It is contended in behalf of appellants that the trial court erred in submitting to the jury for determination the question of Smith's agency; it being argued that the court should have decided, as a matter of law, that Smith was not the agent of appellants, but was the agent of respondent in all the transactions in question. We cannot agree with this contention. The evidence was such that the jury could well have believed, and evidently did believe, that all of the monies advanced by Smith to respondent and paid by Smith to respondent were furnished by appellants to Smith for that express purpose; that it was understood between Smith and respondent that 25 cars or more would be shipped during the fall of 1921 by respondent to appellants; that from the beginning respondent was given to understand that the transactions were to be financed by Smith, as the representative of appellants, with monies furnished him by appellants for that express purpose;

that it was agreed between Smith and appellants that they would pay him for his services in procuring the business one-third of the profits they might make in the marketing of the cars of fruit, whether they purchased the fruit and sold it for themselves or received and sold it on commission, and that they would also charge Smith for one-third of any loss they might incur in so marketing the fruit; that Smith was acting for appellants in a similar manner and for like compensation and subject to like loss in procuring shipments of fruit to appellants from others in the Yakima fruit section of our state. These outstanding facts and other minor ones, pointing to Smith being appellants' agent, as the jury might believe them to exist, we think, render it plain that the trial court did not err to the prejudice of appellants in submitting to the jury the question of whether or not Smith was their agent in all the transactions in question. We conclude that the trial court would not have been warranted in deciding, as a matter of law, that Smith was not appellants' agent.

It is contended in behalf of appellants that the evidence was such that they were entitled to a judgment in their favor as a matter of law, notwithstanding the verdict, and that the trial court erred in not so ruling. In answer to this contention we deem it sufficient to say a painstaking reading of the voluminous evidence convinces us that it was ample to support the verdict and judgment. This inquiry does not involve any question of law calling for serious consideration.

It is contended that the trial court erred to the prejudice of appellants in admitting in evidence, over the objection of counsel, a complaint filed in their behalf in another action commenced in the superior court for Yakima county seeking an accounting from Smith as their agent in connection with fruit shipping trans-

actions, apparently including the transactions here in question. The complaint so admitted in evidence was verified by J. W. Vickers on April 26, 1922, in behalf of these appellants as plaintiffs in that action. The complaint was also signed in behalf of these appellants by the same counsel who represent them in this action. It is therein alleged, among other things, as follows:

"That on various occasions during the summer of 1921, the plaintiffs entrusted to the defendant large sums of money for the purpose of enabling the defendant to buy apples in the Yakima Valley in the State of Washington, for the account of plaintiffs.

"That the defendant undertook the performance of his duties as agent for the plaintiffs, and made various purchases of apples for plaintiffs with a portion of the funds so entrusted to him therefor.

"That after the purchase of apples was commenced by the defendant for plaintiffs, other and additional sums of money were advanced from time to time by plaintiffs to defendant for the continuance of his operations in the purchase of apples for plaintiffs."

These are followed by allegations showing that Smith has not accounted, and by a prayer requiring him to account. It is argued that this complaint is not admissible as tending to show admissions of Smith's agency for appellants because it is not signed or verified by any member of the partnership. There has been much discussion, and some conflict of opinion expressed, in the decisions of the courts of this country as to the admissibility of statements made in pleadings as admissions on the part of a party so making them, or in whose behalf they are so made. That is, when such statements are sought to be put in evidence in another case. We think it is the all but universal rule under the code or system of pleading, where the pleadings consist of statements of facts, that such statements are admissible in evidence as admissions,

if tending to show admissions of facts, when the pleading in which such statements are found is signed or verified by the party rather than by some one else in his behalf. 2 Wigmore on Evidence (2d ed), § 1066. This general rule, however, seems to have some exceptions and limitations as applicable to pleadings not signed or verified by the party himself but by his counsel or some other person in his behalf. In such cases the limitations of admissibility, we think, are well stated in the text of 22 C. J. at page 335, as follows:

"    .    .    the more generally accepted view recognizes a distinction between statements contained in pleadings in another case which are emanations of counsel and those which can fairly be regarded as statements by the party, and as a result, requires, as a condition of admissibility, that the statement be affirmatively connected with the party as one which he has made because it was true."

Now it here appears that, while none of appellants in person signed or verified the complaint here admitted in evidence, yet they authorized the commencement of that action; and, if not actually sanctioning all that was stated in the complaint before the commencement of the action, they thereafter adopted it by sanctioning the prosecution of that action upon the theory of these allegations. This, we think, rendered the statements made in that complaint admissible as tending to show admission of the fact of Smith being their agent, unless, as further contended, the allegations of the complaint above quoted do not contemplate an accounting from defendant for monies furnished him to buy or procure consignments of apples from respondent at White Bluffs. We think, in view of the circumstances here shown, that those allegations might be deemed as some evidence by way of admission that appellants were seeking an accounting from Smith with

reference to the shipment of apples from respondent at White Bluffs to appellants. White Bluffs may not be strictly in the Yakima Valley, but it seems intimately connected with the district so designated. Indeed, in its last analysis, the objection, it seems to us, goes more to the weight of the evidence rather than its admissibility. We think the trial court did not err in admitting in evidence the allegations of this complaint.

Some contention is made in behalf of appellants that they were, in any event, entitled to some deductions from whatever might be due from them to respondent, on account of storage of certain of the cars of apples shipped upon consignment for sale on commission, pending such sale of those cars of apples. The evidence is not very direct or satisfactory touching this question. It was within the power of appellants to make it so. Besides, it does not appear at all certain but that the jury did allow appellants something for such storage. It is, at all events, quite plain to us that it cannot be determined, as a matter of law, that appellants were entitled to any such storage charges. We think the case does not call for further discussion.

The judgment is affirmed.

Main, C. J., Mackintosh, Tolman, and Holcomb, JJ., concur.